IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00205-REB-BNB

HIDIE CHASE,

Plaintiff,

v.

MESA COUNTY VALLEY SCHOOL DISTRICT NO. 51,

Defendant.
_____

**ORDER**
_____

This matter is before me on a motion filed by the plaintiff entitled **A Motion Please Requesting Reconsideration, Representing My Minor Son Kenny Chase in this Action** [Doc. #6, filed 2/7/07] (the "Motion to Reconsider"). The Motion to Reconsider is DENIED.

The plaintiff, Hidie Chase, brings this action, in part, under the Individuals with Disabilities Education Act ("IDEA"). She requests reconsideration of an order issued January 29, 2007, in which I ruled that Ms. Chase lacks standing to represent her minor son because "[u]nder Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654 (1994), Kenny Chase, a minor child, 'cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.'" *Order Directing Clerk of* [sic] *Commence Civil Action and Granting Plaintiff Hidie Chase Only Leave to Proceed Pursuant to 28 U.S.C. § 1915* [Doc. #2].

Ms. Chase requests that I allow her to bring this case on behalf of her son or, in the alterative, stay the case pending the Supreme Court's ruling in Winkelman v. Parma City School District, 127 S. Ct. 1994 (2007). The Supreme Court issued its opinion in Winkelman on

May 21, 2007, and held:

> We . . . interpret the statute's references to parents' rights to mean what they say: that IDEA includes provisions conveying rights to parents as well as to children.
>
> \* \* \*
>
> These provisions confirm that IDEA, through its text and structure, creates in parents and independent stake not only in the procedures and costs implicated by this process but also in the substantive decisions to be made.  We therefore conclude that IDEA does not differentiate, through isolated references to various procedures and remedies, between the rights accorded to children and the rights accorded parents.  As a consequence, a parent may be a "party aggrieved" for purposes of § 1415(i)(2) with regard to "any matter" implicating these rights.  The status of parents as parties is not limited to matters that relate to procedure and cost recovery.
>
> \* \* \*
>
> We conclude IDEA grants parents independent, enforceable rights. These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child.

Id. at 2003-05

The Supreme Court has recognized that parents possess substantive rights under the IDEA, independent of any rights which the statute may create in their children.  Parents certainly have the right to proceed *pro se* to assert those substantive rights conferred directly on them by the statute.  The Supreme Court expressly said so when it ruled that the Sixth Circuit Court of Appeals "erred when it dismissed the [parents'] appeal for lack of counsel.  Parents enjoy rights under IDEA: and they are, as a result, entitled to prosecute IDEA claims on their own behalf." Id. at 2006.  The Supreme Court did not reach the point raised here, however--whether parents may assert *pro se* their childrens' rights under the statute--stating that "[i]n light of our holding we need not reach [the parents'] alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se*. Id. at 2007.

Nothing in Winkelman suggests that parents may act *pro se* to assert the rights of their children, and long standing law is directly to the contrary. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986).

IT IS ORDERED that the Motion to Reconsider is DENIED.

Dated September 27, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge